### GREEN v. LUNDY.

Where the arbitrators deliver to one of the parties a paper purporting to be their award, different from that which was delivered to the other party, the variance is fatal, and both are void.

This was an action of debt on a bond of submission to an award, tried before KINSEY, C. J., and CHETWOOD, J., at the Hunterdon Nisi Prius, in October, 1793.

When the plaintiff had gone through his testimony and rested his cause, a motion for a non-suit was made by the defendant, the grounds for which are stated in the opinion of the court.

PER CUR. · The circumstances of the case before us seem to be, that the parties, having some controversies between them, mutually submit the determination of them in general terms to arbitrators, and they particularly submit questions relating to certain lands at or near what is called the Great Meadow.

The arbitrators accepted the trust and entered on the performance of the duties, and it appears have executed two papers, purporting to be their awards on the matters submitted to them, one of which papers was delivered to each of the parties, at one and the same time, and each is stated to be the award made by the arbitrators.

On the production of these instruments, it appears there is a material variance between them, in the courses and distances of the lands which were part of the matters submitted, and in the quantity, the possession of which is ordered to be delivered.

A suit is brought on the submission bond founded on the non-performance of the award delivered to the plaintiff, and [436] the question is, whether, under such circumstances, an action will lie to enforce the performance of an award of this kind.

The law, we take to be perfectly clear, that the authority of the arbitrators extends to the making an award between the parties, and then terminates; any subsequent determination by them, would not be within the terms of submission, and consequently not obligatory upon the parties. By the execution of one of these papers their power was terminated, and the other is of no effect.

· But as they were both delivered together, it is impossible to determine which is in reality the actual award. They cannot make two, substantially variant from each other, or,

if they do, the parties may refuse to perform either. It is clearly in evidence that the arbitrators did publish and deliver, as their award on the premises, two papers, between which palpable differences exist. Both ought to be considered as delivered in execution of their authority, as one transaction; hence, as their terms are essentially different, neither party is obliged to perform either. No suit can be sustained upon either, and the court must non-suit the plaintiff, because the award upon which the action is founded is defective, and insufficient to support an action.

Non-suit entered.

NOTE.—A bill of exceptions was tendered, and sealed, but it does not appear to have been prosecuted.

CITED *in Schenck* v. *Voorhees*, 2 *Hal.* 383.